IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRUSTEES OF CENTRAL LABORERS' PENSION, WELFARE & ANNUITY FUNDS, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>SKOFFIC CONSTRUCTION CO., INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 15-cv-0761-MJR-PMF<br>)<br>)<br>)<br>)<br>) |

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

REAGAN, District Judge:

  The Trustees of the Central Laborers' Pension, Welfare, and Annuity Funds ("the Funds") filed this action in July 2015 against an employer (Skoffic Construction), seeking to enforce obligations under collective bargaining agreements which allegedly obligate Skoffic to submit contributions to the Funds for health and welfare benefits on behalf of Skoffic employees.  The Court enjoys subject matter jurisdiction under the federal question statute (28 U.S.C. 1331), as the complaint contains claims under ERISA, 29 U.S.C. 1132 and 1145, and the Labor Management Relations Act (LMRA), 29 U.S.C. 185.

  Served with process on July 21, 2015, Skoffic failed to timely answer or otherwise respond.  On August 25, 2015, the Funds secured a clerk's entry of default against Skoffic under Federal Rule of Civil Procedure 55(a).

1

Now before the Court is the Funds' October 22, 2015 motion for default judgment under Rule 55(b).  As described below, the Court **grants** in part the motion.

Plaintiffs' complaint alleges that Defendant Skoffic is an employer in an industry affecting commerce, within the meaning of ERISA and the LMRA, that Skoffic signed collective bargaining agreements and trust declarations obligating Skoffic Defendants to submit contributions to the Funds and to permit an audit to be conducted of Skoffic's payroll records to determine whether Skoffic is meeting its obligations.  The complaint further alleges that an audit of the payroll records revealed that Skoffic failed to submit timely and accurate contributions to the Funds, thereby breaching its obligations.

Federal Rule of Civil Procedure 55(b)(1) governs default judgment motions where the plaintiff's claim is for a sum certain or a sum that can be made certain by computation.  Default judgment under Rule 55(b)(1) may be entered by the Clerk of Court or the Judge assigned to the case and is appropriately granted if the defendant is not a minor or incompetent person, the claim is for a sum certain (or sum which can be made certain by calculation), and the plaintiff supplies an affidavit showing the amount due.[1]

---

[1] Rule 55(b)(2) covers all other cases, must be entered by the Court (not the Clerk), and authorizes the Court to hold a hearing, if needed, to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."

The instant case falls within the parameters of Rule 55(b)(1), as the Funds' claim is for a sum that can be made certain by computation.  The Funds supplied an affidavit as to the components of the damages sought, including delinquent contributions, liquidated damages, audit costs, court costs, and attorneys' fees (see Doc. 13-1).  The Funds also provided a separate affidavit supporting the requested attorneys' fees and costs (at the rate of $90 per hour, totaling $1035.00) which are fair, reasonable and customary for this type of matter in this District (see Doc. 13-2).

The motion for default judgment comports with Federal Rule of Civil Procedure 54(c), which states that a default judgment must not grant relief different in kind from (or amount sought in) what is demanded in the complaint.  The motion (see Doc. 13, p. 2) also complies with Southern District of Illinois Local Rule 55.1(b), which requires that any Rule 55(b) motion "contain a statement that a copy of the motion has been mailed to the last known address of the party from whom default is sought." Defendant Skoffic filed no response opposing the motion within the time period permitted under Local Rule 7.1 of this District.

Accordingly, the Court **GRANTS** Plaintiffs' motion for default judgment (Doc. 13).  The Clerk of Court shall enter judgment in favor of Plaintiffs and against Defendant in the total amount of **$41,850.03.**  That total is comprised of $35,904.57 in contributions, $3,590.46 in liquidated damages, $835.00 in audit costs, and $1520.00 in attorneys' fees and court costs.

IT IS SO ORDERED.

DATED November 14, 2015.

                                               ***s/ Michael J. Reagan***
                                               MICHAEL J. REAGAN
                                               United States District Judge